**KEITH D. KARNES**, Oregon State Bar ID #03352
keith@keithkarnes.com
1860 Hawthorne Ave. NE
Salem, OR  97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>HEATHER SUE HEARTT,<br><br>Debtor,<br><br>HEATHER SUE HEARTT,<br><br>Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC.; and U.S. DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 13-62240-tmr7<br><br>Adv. Pro. No.<br><br>COMPLAINT<br>(Dischargability of a Debt) |

Plaintiff, by and through her attorney, Keith D. Karnes, alleges the following:

JURISDICTION AND VENUE

1.

This Adversary Proceeding arises out of the plaintiff's bankruptcy, filed under Chapter 7 of Title 11and discharged by this court on September 25, 2013. This case was reopened by this court pursuant to FRBP 9024 on March 26, 2014. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157, §1334, §1331.   The action as to the dischargability of a particular debt is a core proceeding under 28 U.S.C. §157.

COMPLAINT-1

2.

Venue is proper under 28 U.S.C. § 1409 because this Adversary Proceeding is one arising out of the plaintiff's bankruptcy, filed under Chapter 7 of Title 11, which is now pending in this Court.

FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

3.

Plaintiff's brother attended Oregon School of Massage in Salem, Oregon beginning summer of 2007 through fall 2008. During this time, he completed 250 hours. He did not receive a certificate because the program required that he complete 550 hours. In order to pay for his education, plaintiff's brother borrowed funds in the form of unsubsidized private student loan trust and unsubsidized Stafford Loans. Plaintiff cosigned on all of these loans. As of March 5, 2013, the total outstanding principal balance of these loans is $14,966 and the total outstanding interest is $726.

4.

Since plaintiff's brother left the Oregon School of Massage, he has not been willing to pay on these loans because the burden would soon fall on plaintiff, the cosigner. Plaintiff's brother has the ability to make payments on the loan.

5.

Plaintiff filed for Chapter 7 bankruptcy protection on June 11, 2013. Plaintiff's schedule F listed Sallie Mae, Inc. (hereinafter "Sallie Mae") as a creditor for student loan debts.

6.

Plaintiff's Chapter 7 bankruptcy was reopened on March 26, 2014 in order to discharge this cosigned student loan debt.

COMPLAINT-2

7.

Defendant Sallie Mae is listed as the loan contact for all the loans issued to plaintiff. Defendant U.S. Department of Education (hereinafter the "Department of Education") is listed as the loan contact for seven of the fourteen loans issued to plaintiff.

8.

Due to Plaintiff's undue hardship, and despite her best efforts, Plaintiff is unable to repay her brother's student loans.

9.

Plaintiff has attempted to obtain information regarding brother's loans, and all information presented is to the best of Plaintiff's knowledge.

**CLAIM ONE**

(Dischargability of a Debt)

10.

Plaintiff incorporates the above paragraphs by reference.

11.

Plaintiff's student loan debts qualify as educational loans under 11 U.S.C. § 523 because the loans were extensions of credit for tuition.

12.

Repayment of the educational loans referred to above will cause undue hardship for the plaintiff under 11 U.S.C. § 523(a)(8)(B) for the following reasons:

1. Plaintiff will not be able to maintain, based on her current income and expenses, a minimum standard of living for herself and her dependent if forced to repay the loans;

COMPLAINT-3

2. There are additional circumstances that exist, which indicate that plaintiff's inability to maintain a minimum standard of living for herself and her dependent is likely to persist for a significant portion of the repayment period of the student loans; and

3. Plaintiff has made good faith efforts to repay the loans, including but not limited to attempts to obtain employment, maximize income and minimize expenses;

4. Plaintiff is merely a cosigner for her brother, and her brother has the ability to make payments on the loan and eventually pay it back.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants for the following:

A. Discharge of the educational loans totaling $14,966 under 11 U.S.C. § 523(a)(8)(B); and

B. For such other and further relief as the Court may deem just and proper.

DATED: April 23, 2014.

/s/ Keith D. Karnes
Keith D. Karnes, OSB # 03352
Attorney for plaintiff

COMPLAINT-4